Present:  All the Justices

FREDERICKSBURG CONSTRUCTION COMPANY, INC.

                                    OPINION BY
v.  Record No. 992259      JUSTICE LAWRENCE L. KOONTZ, JR.
                                    June 9, 2000
J.W. WYNE EXCAVATING, INC.


          FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                    J. Peyton Farmer, Judge


     In this appeal we consider whether the trial court properly

denied a motion to vacate a judgment that a defendant contended

was void because the judgment had been entered without proper

notice.

                         BACKGROUND

     On January 19, 1994, Fredericksburg Construction Company,

Inc. (Fredericksburg), filed a motion for judgment against J.W.

Wyne Excavating, Inc. (Wyne), alleging breach of contract for

failure to complete certain subcontracting work and seeking

damages of $21,419.72.[1]  On February 28, 1994, Wyne filed a

demurrer, grounds of defense, and a counterclaim asserting that

Fredericksburg was indebted to Wyne for completed work under the

subcontracts in the amount of $108,038.07.  On March 22, 1994,

_____

     [1]In the caption of the motion for judgment, Fredericksburg
listed its address as "P.O. Box 172, Lorton, Virginia" and in
the text of that motion Fredericksburg listed its address as
"7000 E. Newington Road, Lorton, Virginia."  The significance of
these addresses will become apparent later in this opinion.

Fredericksburg filed a response to the demurrer and its grounds of defense to the counterclaim alleging payment of the claimed debt.

On May 19, 1994, the trial court sustained Wyne's demurrer to the motion for judgment. Fredericksburg was given leave to file an amended motion for judgment and amended grounds of defense to Wyne's counterclaim. Thereafter, Fredericksburg filed an amended grounds of defense, but did not file an amended motion for judgment.

On September 1, 1994, the trial court, for reasons not reflected in the record, entered an order permitting Wyne to file a motion for judgment restating the claims of its original counterclaim and permitting Fredericksburg to respond to that pleading. Wyne complied by filing a motion for judgment on September 9, 1994. On September 27, 1994, Fredericksburg filed its grounds of defense and asserted a counterclaim against Wyne.[2] Thus, while still within the framework of the original litigation, the roles of the parties had essentially been reversed.

---

[2]On November 3, 1994, the trial court stayed further proceedings until the conclusion of a federal court proceeding arising out of the same acts and transactions in which Wyne was pursuing a claim against an indemnitor and Fredericksburg had sought to intervene. Wyne subsequently dismissed its federal claim.

During these proceedings, the law firm of Arent, Fox, Kintner, Plotkin & Kahn (Arent Fox) represented Fredericksburg and the firm name was signed to the pleadings. In accordance with Rule 1:5, the pleadings were signed by Brian D. Sullivan, an associate attorney of Arent Fox. In addition, R. Steven Holt, a partner of this firm, was listed as counsel of record on several pleadings.

On April 12, 1996, Arent Fox, by R. Steven Holt, filed a motion to withdraw as counsel alleging that Fredericksburg "has failed substantially to fulfill obligations to Arent Fox regarding its services." The motion further stated that Fredericksburg had agreed to Arent Fox's withdrawal from this case. The motion was signed "By: Brian D. Sullivan for . . . R.S. Holt, a partner." The motion was served on Bill Barnes, Fredericksburg's president, and on counsel for Wyne.

On April 15, 1996, the trial court entered an order stating:

> Brian D. Sullivan, counsel for Fredericksburg Construction Company, Inc., requested that he be allowed to withdraw as counsel of record.
>
> It is ordered that motion to withdraw as counsel be granted and further that Brian D. Sullivan, VSB #35268 be and is hereby granted leave to withdraw his appearance as counsel for [Fredericksburg] in the action.

Bill Barnes endorsed this order as did counsel for Wyne.

3

On January 13, 1997, Wyne filed a praecipe seeking a hearing on January 20, 1997, in order to set a trial date. The certificate of service reflects that the praecipe was served on Barnes by mail at "P.O. Box 172, Lorton, Virginia," which was one of the addresses listed in Fredericksburg's original motion for judgment. January 20, 1997 was a legal holiday and, accordingly, the trial court was not open on that day. Court records for January 21, 1997, indicate that the case was called on the term day docket and was passed over. No indication of an appearance by either party at that hearing is found in the record.

On January 27, 1997, Wyne filed another praecipe for a hearing to set a trial date on April 21, 1997, which was again served on Barnes by mail at the Lorton post office box address. Counsel for Wyne appeared on the hearing date and a trial date of September 25, 1997 was set. A letter from Wyne's counsel notifying Fredericksburg of the trial date was sent to Barnes at the Lorton post office box address and also at 7000 E. Newington Road, Lorton, Virginia, which was the street address given as its place of business in Fredericksburg's original motion for judgment.[3]

---

[3]Wyne subsequently contended that both addresses were utilized at the direction of the trial court.

On September 25, 1997, Wyne appeared for trial.  No appearance for Fredericksburg, either by a principal or by counsel, was made at trial.  A final order dated October 7, 1997, recites that Wyne "presented evidence sufficient for a finding by the Court that Fredericksburg Construction Company, Inc. was duly indebted to J.W. Wyne Excavating, Inc. in the amount of . . . $85,068.62."  The order further recites that there was no evidence presented on Fredericksburg's counterclaim.  Accordingly, the trial court entered judgment for Wyne, awarded it $85,068.62, and dismissed the counterclaim with prejudice.  Finally, the order recites, in apparent contemplation of Rule 1:13, that because "[t]he Court announced its ruling as contained herein in open court. . . endorsement of this Order by the parties is not required."

On November 20, 1998, Fredericksburg, appearing with new counsel, filed a motion to vacate the October 7, 1997 judgment, asserting for several reasons that this judgment was void.[4]  In a supporting memorandum, Fredericksburg asserted that the April 15, 1996 order granted only Brian D. Sullivan leave to withdraw and did not relieve Holt or Arent Fox of a continuing duty to represent Fredericksburg.  Thus, Fredericksburg contended that

_____

[4]Fredericksburg also sought to quash garnishments that had been issued on the judgment and to obtain all funds held by the court pursuant to those garnishments.

on January 20, 1997, Joseph M. Sullivan, Frederickburg's new counsel, appeared on behalf of Fredericksburg "because Mr. Holt was unavailable."[5]

Fredericksburg further maintained that it never received from Wyne the subsequent notice of the new hearing date or the letter containing notice of the trial date. In addition, Fredericksburg contended that the service of these two notices had been defective because Arent Fox was its counsel of record and those notices had not been served on Arent Fox in accordance with the provisions of Code § 8.01-314. Fredericksburg further contended that, assuming it was not represented by counsel, service by first class mail on a principal of the corporation was insufficient under the provisions of Code § 8.01-299. Finally, Fredericksburg asserted that under the circumstances of this case the entry of the final order without endorsement was an abuse of the discretion afforded to the trial court under Rule 1:13.

---

[5]Fredericksburg conceded at the hearing in the trial court on its motion that Joseph M. Sullivan is not associated with Arent Fox and did not appear on its behalf. Rather, Fredericksburg retained him after Holt declined to resume the representation. Moreover, as indicated above, the record does not reflect an appearance by either party on January 20, 1997, a legal holiday, or on the day following when the case was actually called on the trial court's term day docket.

Wyne responded by brief asserting that the record clearly indicated that the trial court's order granting the motion to withdraw applied to Arent Fox and to all its members and associates.  Wyne further asserted that service by mail on a principal of a corporation appearing pro se was proper under Code § 8.01-319.  Fredericksburg filed a reply brief asserting that Wyne's reliance on Code § 8.01-319 was misplaced because a corporation could not appear pro se in a circuit court.

On March 12, 1999, the parties appeared for a hearing on Frederickburg's motion to vacate the judgment.  At that hearing, the parties' arguments conformed to the positions outlined above.  Referring to the effect of the April 15, 1996 order, the trial court stated that "[i]t certainly was the intent of the Court . . . because the Court found at that time — and the Court finds here again today — that [Fredericksburg] was not represented by Arent Fox."  The trial court further found that Fredericksburg "had all of the notice that it was entitled to," and because Fredericksburg was without counsel there was no requirement for any endorsement on the final order.  On June 23, 1999, the trial court entered an order denying Fredericksburg's motion.  We awarded Fredericksburg this appeal.

## DISCUSSION

On appeal, the parties essentially repeat the contentions made before the trial court.  We will address those contentions

7

in turn.  Fredericksburg first contends that "[n]o written order in the Record grants leave to withdraw by Mr. Holt, or Arent Fox."  This is so, Fredericksburg maintains, because "[w]hile [the] Motion filed by Arent Fox may have well intended to withdraw the firm and both Mr. Holt and Mr. [Brian D.] Sullivan, the Order entered by the Court only granted leave to withdraw to Brian Sullivan."[6]

"It is the firmly established law of this Commonwealth that a trial court speaks only through its written orders."  Davis v. Mullins, 251 Va. 141, 148, 466 S.E.2d 90, 94 (1996).  We further acknowledge, as has the Court of Appeals of Virginia, the general principle that trial courts have the authority to interpret their own orders.  See Rusty's Welding Service, Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999). "Furthermore, when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court."  Id. at 129, 510 S.E.2d at 260.

---

[6]In support of its argument on this issue in the trial court, Fredericksburg procured an affidavit from Holt in which he states that "[a]s [he] read[s] the Order entered on April 15, 1996 . . . only Brian Sullivan was removed as counsel for [Fredericksburg]."  Fredericksburg further asserted in argument to the trial court that Sullivan had withdrawn from the case because he was leaving Arent Fox and "moved to Georgia or Florida to practice law."  Neither of these statements is relevant to our interpretation of the trial court's April 15, 1996 order.

Here in its summation, the trial court made clear that its April 15, 1996 order was intended to relieve Arent Fox from its responsibility as counsel for Fredericksburg. That interpretation of this order is supported by the record. There is no dispute, nor can there be, that the order was entered pursuant to the motion to permit Arent Fox to withdraw as counsel. The motion clearly requests that "the law firm" of Arent Fox be permitted to withdraw as counsel for Fredericksburg. It is the order granting that motion that admittedly is not artfully drawn. However, whatever the effect of the language in the final sentence of the order expressly permitting Brian D. Sullivan "to withdraw his appearance as counsel for [Fredericksburg] in the action," the first clause of that sentence addresses the motion of Arent Fox to withdraw.[7] Accordingly, we will not disturb the trial court's interpretation of this order on appeal.

We turn now to Fredericksburg's contention that even if it became unrepresented as a result of the April 15, 1996 order, the manner of service of the notice of the January 27, 1997

_____

[7]Assuming that we were to accept Frederickburg's assertion that Brian D. Sullivan was terminating his employment with Arent Fox at the time this order was entered, it would be self-evident that the second clause of the final sentence was added to make clear that Sullivan would not continue his representation of Fredericksburg after he left the firm.

praecipe and the subsequent notice of the trial date were ineffective because the service was not in accord with the provisions of Code § 8.01-299.  As previously noted, Wyne contends that when Fredericksburg became unrepresented following the entry of the April 15, 1996 order, it was thereafter subject to the provisions of Code § 8.01-319(A).  We agree with Wyne.

In addressing Fredericksburg's contention with regard to the applicability of Code § 8.01-299 following the withdrawal of its counsel, the procedural posture of the case is signficant.  Although Fredericksburg initially invoked the jurisdiction of the trial court by filing its motion for judgment against Wyne, thereafter, as we have previously noted, the roles of the parties became reversed.  By leave of the trial court, Wyne filed a motion for judgment against Fredericksburg on September 9, 1994, and Fredericksburg filed its grounds of defense and counterclaim on September 27, 1994.  At that point the parties were properly before the trial court and subject to its jurisdiction to direct further proceedings in the matter, including the method by which reasonable notice was to be given for those proceedings where the manner of providing that notice is not otherwise specified by statute or rule.

The further proceedings critical to our consideration here are the January 27, 1997 praecipe and the setting of the September 25, 1997 trial date.  There is no dispute that this

10

trial court employs the praecipe system for the orderly management of its docket as permitted by Rule 1:15.  That rule, however, does not prescribe the manner in which the praecipe is to be served on a domestic corporation that has become unrepresented by counsel, as in the present case.  See also Rule 1:12.  Nevertheless, we disagree with Fredericksburg's contention that Code § 8.01-299 then becomes applicable and prescribes the manner in which notice must be given.

Although the term "process" is deemed to include "notice," Code § 8.01-285, we are of opinion that Code § 8.01-299, which provides for how process "may" be served on a domestic corporation, is not applicable in the procedural context under consideration here.  The thrust of Code § 8.01-299 concerns the initial service of process on a domestic corporation rather than interim service of notice for subsequent hearings and other proceedings, such as the filing of a praecipe, after the parties are properly before the court.  See Frey v. Jefferson Homebuilders, Inc., 251 Va. 375, 380, 467 S.E.2d 788, 790 (1996)(holding Code § 8.01-299 does not provide the exclusive manner in which a domestic corporation may be served with process).

In contrast, Code § 8.01-319(A), which governs the manner for giving interim notice following institution of an action in certain circumstances, provides, in pertinent part, that:

11

[a] party, who appears pro se in an action, shall file with the clerk of the court in which the action is pending a written statement of his place of residence and mailing address, and shall inform the clerk in writing of any changes of residence and mailing address during the pendency of the action. The clerk and all parties to the action may rely on the last written statement filed as aforesaid. The court in which the action is pending may dispense with such notice for failure of the party to file the statement herein provided for or may require notice to be given in such manner as the court may determine.

The failure of a party who is unrepresented to provide an address sufficient to ensure such notice may prevent a case from proceeding in an orderly manner. See Byrum v. Lowe & Gordon, Ltd., 225 Va. 362, 363-64, 302 S.E.2d 46, 47 (1983). Accordingly, an unrepresented litigant who wishes to be informed of the proceedings must either keep the court advised of where service may be accomplished or retain counsel upon whom service may be had. See Eddine v. Eddine, 12 Va. App. 760, 764, 406 S.E.2d 914, 917 (1991). We see no reason why this rule should not apply to corporations as well as natural persons. We also agree with the Court of Appeals' holding in Eddine that the application of Code § 8.01-319 is not limited to those cases initiated by publication. Id. at 764 n.2, 406 S.E.2d at 917 n.2.

At the time Fredericksburg became unrepresented, the Lorton street address had been listed as its place of business and the Lorton post office box address was also given as its mailing

12

address in its initial pleading.  Because there was no statement filed pursuant to Code § 8.01-319 at the time Fredericksburg became unrepresented or thereafter, Wyne was entitled to rely upon the addresses given by Fredericksburg in its pleadings as being accurate until such time as Fredericksburg filed such a statement or entered an appearance with new counsel.  <u>Cf.</u> <u>Soliman v. Soliman</u>, 12 Va. App. 234, 240, 402 S.E.2d 922, 926-27 (1991)(holding that giving address in pleadings is sufficient to satisfy requirement of § 8.01-319(A)).  In the absence of such a statement being filed, the manner of service of notice rested with the discretion of the trial court.  The trial court found that the notice given to Fredericksburg was reasonable and adequate, and we find no abuse of the trial court's discretion in that determination.

Finally, Fredericksburg contends that the trial court's order awarding judgment to Wyne is void because the trial court abused its discretion in entering that order without endorsement of counsel pursuant to Rule 1:13.  We disagree.

As applicable at the time of these proceedings, Rule 1:13 provided, in pertinent part, as follows:

> Drafts of orders and decrees shall be endorsed by
> counsel of record, or reasonable notice of the time
> and place of presenting such drafts together with
> copies thereof shall be served by delivering or
> mailing to all counsel of record who have not endorsed
> them.  Compliance with this rule . . . may be modified
> or dispensed with by the court in its discretion.

13

This rule is designed to protect parties who are without notice of a proceeding.  State Hwy. Comm'r v. Easley, 215 Va. 197, 201, 207 S.E.2d 870, 873 (1974).  "However, the mere fact that an order may have been entered without endorsement of counsel of record does not automatically render it void.  The last sentence of Rule 1:13 authorizes the trial court in its discretion to modify or dispense with the requirement of endorsement of counsel."  Davis, 251 Va. at 147, 666 S.E.2d at 93.

Here, the trial court properly found that Fredericksburg was not represented by counsel at the time the final order was entered.  Moreover, the record supports the trial court's finding that Fredericksburg had failed to appear for trial after due notice.  In such circumstances, entry of a final order without endorsement by an unrepresented party does not constitute an abuse of the trial court's discretion under Rule 1:13.

CONCLUSION

For these reasons, we hold that the trial court did not err in this case and will affirm the judgment of the trial court denying the motion to vacate the judgment and quash garnishments.

Affirmed.

14