# CIRCUIT COURT OF FAIRFAX COUNTY

Martine S. Shahbazian

v.

Patrick Kent Nelson

July 14, 2004

Case No. (Chancery) 112942

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on July 8, 2004, on the defendant's motion to vacate default judgment. For the reasons that follow, the motion is granted.

A Final Decree of Divorce was entered in this matter on January 4, 1991. On October 18, 1991, and December 13, 1991, certain support arrearage decrees were entered against the defendant. Nothing of significance transpired in the file from then until February 3, 2003, when complainant re-opened the case and filed a motion to determine arrearage and enter a rule to show cause for non-payment of support.[1] That motion (and notice to appear) was allegedly served on the defendant by posting at certain addresses in Virginia and in Maryland. A copy of the motion was also sent to Robert Cooper, who had represented the defendant during the divorce proceeding. On March 7, 2003,

---

[1] A rule to show cause was also entered by the court on December 13, 1991. That rule required the defendant to appear on April 24, 1992, to show cause why he should not be held in contempt. By its terms, the rule allowed complainant to dismiss the rule by praecipe. The file does not reflect any hearing on April 24, 1992, nor does it contain a praecipe dismissing the rule. The only matters in the file in early 1992 are releases of judgments against the defendant from the 1991 hearings. Complainant has not argued that the December 13, 1991, decree was not a final decree. Indeed, the fact that complainant paid a re-open fee along with the current motion indicates that she thought the 1991 decree was final. Although defendant would have an obligation to apprise the court of any change in his address if this was a continuing matter, there is no indication that the parties considered the case to be continuing between 1991 and 2003.

this Court entered an order finding that service of the motion had been made on the defendant, that the defendant failed to appear, and that the defendant was in arrears. The order entered judgment against the defendant for support arrearage and attorney's fees. It is that order which the defendant now seeks to vacate on the grounds that he was never properly served with the motion.

Complainant contends at the outset that no service of the motion on the defendant is required at all. She further alleges that, because the March 7, 2003, order recites that service was obtained on the defendant, this Court cannot now re-examine that finding. Neither position is supported by law. Proper service of a motion is indeed required, and whether the defendant was ever properly served can be raised at this time.

Complainant relies on Va. Code § 8.01-314 in asserting that mailing of notice of the motion to Mr. Cooper constituted service on the defendant. Section 8.01-314 provides:

When an attorney authorized to practice law in this Commonwealth has entered a general appearance for any party, any process, order, or other legal papers to be used in the proceeding may be served on such attorney of record. Such service shall have the same effect as if service had been made upon such party personally; provided, however, that in any proceeding in which a final decree or order has been entered, service on an attorney as provided herein shall not be sufficient to constitute personal jurisdiction over a party in any proceeding citing that party for contempt, either civil or criminal, unless personal service is also made on the party.

Provided, further, that if such attorney objects by motion within five days after such legal paper has been so served upon him, the court shall enter an order in the proceeding directing the manner of service of such legal paper.

I interpret the statute to provide that once a final decree of divorce is entered, service thereafter on counsel alone shall not constitute service on a party when the proceeding is one of civil or criminal contempt. By implication, service on counsel after a final decree has been entered constitutes service on a party for other matters, e.g., motions to modify support or change custody, unless counsel objects by motion within five days of such service.[2] (This is likely one of the reasons many counsel enter an order of withdrawal along with the final decree of divorce.) The complainant's motion here was to determine an arrearage and enter a rule to show cause why the defendant should not be held in contempt for failure to pay support. The motion to determine arrearage is clearly not a "proceeding citing that party for contempt." Neither is the motion to enter a rule to show cause; the rule itself is, but the motion to enter the rule is not. Indeed, no

---

[2] Note also that Va. Code § 20-112 requires that re-opened proceedings to increase, decrease, or terminate support or to enforce an equitable distribution order require service of process "as is required by law." The instant motion does not fall under this statute either.

notice of a request to enter a rule to show cause is required; the rule itself, of course, would then have to be served on the party for him or her to be held in contempt. Therefore service of the March 2003 motion on Mr. Cooper, with no objection having been filed by him, could constitute service on the defendant. However, both counsel in this matter have overlooked one important fact that lays to rest this argument rather easily: the file reflects that Mr. Cooper withdrew as counsel of record for the defendant by an order entered on June 8, 1990. This occurred months before the Final Decree of Divorce was entered on January 4, 1991. Under those circumstances, mailing the March 2003 motion to Mr. Cooper was of no effect.

Citing *Fredericksburg Const. Co. v. J. W. Wyne Excavating, Inc.*, 260 Va. 137, 530 S.E.2d 148 (2000), complainant asserts that only reasonable notice, not service of process, is required here. But Fredericksburg Construction involved a party whose counsel withdrew prior to trial and analyzed the adequacy of notice to a pro se party during the course of litigation. In the instant matter, I find that once twenty-one days (indeed, ten years here) passed from the time of a final decree and a complainant re-opened the case, and there being no "attorney authorized to practice law" representing the defendant when the final decree was entered, service of process was required consistent with § 8.01-296 of the Code of Virginia.

Based on testimony presented at the hearing before me, I find that the defendant did not reside at the Virginia or Maryland addresses at the times he was allegedly served there. Therefore that service is not valid.

Because the defendant was not properly served, his motion to vacate is granted.