UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McCullough and Retired Judge Hodges[*]


BERRAK TARTAGLINO

                                 MEMORANDUM OPINION[**]
v.      Record No. 0499-13-4                         PER CURIAM
                                           OCTOBER 1, 2013
FREDERICK ROBERT TARTAGLINO


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

(Dennis M. Hottell; Christopher Malinowski; Melanie Hubbard;
Hottell Malinowski Group, P.C., on brief), for appellant.

(Ilona E. Grenadier; Eric R. Nouri; Grenadier, Anderson, Starace,
Duffett & Keisler, P.C., on brief), for appellee.


      Berrack Tartaglino (mother) appeals an order denying her request to terminate her children's

therapy with Dr. Guy Van Syckle.  Mother argues that the trial court erred by (1) denying her

motion to modify the final decree of divorce to terminate therapy for the children because "the

evidence showed that the therapist had discontinued therapy with both children for a period of seven

months at the time of the hearing on the motion and therapy was no longer reasonable or

necessary"; (2) excluding mother's testimony about the older child's belief that therapy had ended

because "the child's statements fell under the state of mind hearsay exception and are relevant to a

determination of the child's best interests"; and (3) providing the therapist with "ultimate

decision-making authority" for continuation of the children's therapy and with the ability to require

the parties to pay for the therapist's services.  Upon reviewing the record and briefs of the parties,

---

[*] Retired Judge Hodges took part in the consideration of this case by designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

Frederick Robert Tartaglino (father) and mother divorced on December 22, 2011. They have two children. During the parties' separation, father requested that the children receive therapy because of problems between him and the oldest child. The final decree of divorce awarded the parties joint legal custody of the children, with mother having primary physical custody. Paragraph 11 of the final decree stated:

> The children shall continue in therapy with Dr. Van Syckle until Mother and Father agree that therapy is no longer reasonable or necessary, Mother and Father agree to select a new therapist for either child, or Dr. Van Syckle elects to discontinue therapy with either child. The parties shall pay for Dr. Van Syckle's services, or the services of another therapist, per income share as used to calculate child support.

Dr. Van Syckle provided therapy for the children. On July 3, 2012, mother asked Dr. Van Syckle to conclude the children's therapy. Dr. Van Syckle declined and informed mother that therapy would continue on an as-needed basis.

On July 19, 2012, Dr. Van Syckle met with father and the children. He informed them that there was no need to return, except on an as-needed basis. Dr. Van Syckle also met with mother and father and informed them that therapy would be provided on an as-needed basis.

On October 4, 2012, mother filed a motion to modify the final decree and asked the trial court to enter an order terminating the requirement that the children remain in therapy with Dr. Van Syckle because the therapy was no longer reasonable or necessary.

On February 22, 2013, the parties appeared before the trial court on mother's motion to terminate the children's therapy. Dr. Van Syckle testified that the children's relationship with their father had improved and that therapy had been "very successful." Dr. Van Syckle

confirmed that he had not terminated the children's therapy, although he had not seen them for several months. He explained that he thought it was in the best interests of the oldest child for him to remain involved on an as-needed basis. Mother testified about the children and their "warm and loving relationship" with their father. After hearing the testimony and argument, the trial court noted that Dr. Van Syckle thought the therapy should continue and father did not agree to terminate therapy. Therefore, pursuant to the terms of the final decree, the trial court denied the mother's motion. This appeal followed.

## ANALYSIS

### *Continuation of therapy – Assignment of error 1*

Mother argues that the trial court erred when it denied her motion to modify the therapy provisions in the final decree of divorce. She contends that the therapist had not seen the children for months and therapy was no longer necessary.

The trial court heard evidence about the children's progress in therapy. Mother testified that she thought therapy should terminate, whereas Dr. Van Syckle testified that the children should not discontinue therapy. Dr. Van Syckle specifically stated that it was in the oldest child's best interests to continue therapy on an as-needed basis.

The final decree stated that therapy with Dr. Van Syckle would continue for the children until mother and father agreed that it should be terminated, mother and father obtained a new therapist, or Dr. Van Syckle terminated therapy with either child.

The trial court noted that the parents did not agree on whether the therapy should be terminated and "Dr. Van Syckle thinks that for the future, the short-term future or whatever, that this therapy needs to continue." Accordingly, the trial court explained that "the order speaks for itself" and denied mother's motion.

> It is firmly established that "'trial courts have the authority to interpret their own orders.'" Albert v. Albert, 38 Va. App. 284,

297-98, 563 S.E.2d 389, 396 (2002) (quoting Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000)). "On appeal, "'when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court."'" Morrill v. Morrill, 45 Va. App. 709, 718, 613 S.E.2d 821, 825 (2005) (en banc) (quoting Albert, 38 Va. App. at 298, 563 S.E.2d at 396 (quoting Fredericksburg Constr. Co., 260 Va. at 144, 530 S.E.2d at 152; Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc))).

Johnson v. Johnson, 56 Va. App. 511, 518, 694 S.E.2d 797, 801 (2010).

Here, the trial court held that the language in the final decree prevented termination of the children's therapy unless the parties agree or Dr. Van Syckle agrees. None of the conditions for termination had been met. The trial court did not err in denying her motion.

*Hearsay – Assignment of error 2*

Mother argues that the trial court erred when it excluded her testimony about the oldest child's statements regarding therapy because the child's statements fell under the state of mind hearsay exception.

"Generally, the admissibility of evidence 'is within the broad discretion of the trial court, and an [evidentiary] ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Surles v. Mayer, 48 Va. App. 146, 177, 628 S.E.2d 563, 578 (2006) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)) (brackets in original).

At trial, mother wanted to testify about whether the oldest child thought therapy should continue. Father objected based on hearsay. Mother argued that the testimony fell within the state of mind exception because "what was her [the child's] impression of therapy and . . . why she didn't want to go to therapy . . . is totally relevant." The trial court sustained the objection. Mother proffered the following:

> Ms. Tartaglino would testify that [the oldest child] asked her what was wrong with her because she was having to go back to therapy in July after she thought the therapy was over. Ms. Tartaglino

- 4 -

would testify that she told [the oldest child] that nothing was wrong with her and that she did not know why therapy sessions were resuming in July 2012, that she thought they had ended also in April 2012, that she was surprised by the session being scheduled in July 2012 and that she agreed with [the oldest child] that everything was going well with the visits, and [the oldest child's] relationship with her father was improved. She would testify that [the oldest child] told her that she was under the impression that if that happened, the therapy should end because she felt it otherwise – she was like other children at her school who have to go to therapy because of behavior problems.

Mother contends the child's statements referred to her "presently existing state of mind" and were "central to the analysis of her best interests."

"Hearsay is '[a] statement other than one made by the declarant while testifying at trial – offered in evidence to prove the truth of the matter asserted.'" Andrews v. Creacey, 56 Va. App. 606, 627, 696 S.E.2d 218, 228 (2010) (quoting Black's Law Dictionary 649 (5th ed. 1979)). "'As a general rule, hearsay evidence is incompetent and inadmissible,' and 'the party seeking to rely upon an exception to the hearsay rule has the burden of establishing admissibility.'" Id. at 628, 696 S.E.2d at 228 (quoting Neal v. Commonwealth, 15 Va. App. 416, 420-21, 425 S.E.2d 521, 524 (1992)). The declarant's state of mind is an exception to the hearsay rule. Id.

> If the declarant's state of mind is relevant to the case, then the declarations are admissible under this exception if they meet two additional conditions:
>
> "1. The statement must refer to a presently existing state of mind. Although the mental state o[r] emotion must exist at the time of the declaration, it may relate to matters occurring in the past or in the future;
>
> 2. There must be no obvious indication of falsification or contrivance[.]"

Id. (quoting Clay v. Commonwealth, 33 Va. App. 96, 105 n.4, 531 S.E.2d 623, 627 n.4 (2000) (en banc), aff'd, 262 Va. 253, 546 S.E.2d 728 (2001)).

Assuming without deciding that the trial court erred in excluding the testimony, any such error would be harmless. The standard for non-constitutional error is established in Code § 8.01-678, which provides, in pertinent part:

> When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed . . . [f]or any . . . defect, imperfection, or omission in the record, or for any other error committed on the trial.

The proffered testimony was that the oldest child thought that the therapy had ended. The trial court heard testimony from mother regarding her belief that the therapy had concluded and was no longer necessary. The trial court also heard evidence about the child's improved relationship with her father. Therefore, the child's statements would have been cumulative to other evidence that the trial court considered. Any error by the trial court in excluding the child's statements was harmless.

*Rule 5A:18 – Assignment of error 3*

Mother argues that with its ruling, the trial court gave Dr. Van Syckle "ultimate decision-making authority" regarding the continuation of therapy and provided the therapist with the ability to require the parties to pay for his services.

Mother did not list any specific objections on the final decree, but stated that she objected for the reasons stated in the record. Mother did not raise the specific arguments in her third assignment of error with the trial court.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will

not consider an argument on appeal which was not presented to the trial court." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Therefore, we will not consider the third assignment of error.

*Attorney's fees*

Father asks this Court to award him attorney's fees incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we deny his request.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>