COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Russell* and Malveaux

JADE TATIANA BAINE

v.      Record No. 1034-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JULY 5, 2022

FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

(Joshua Farmer; Farmer Legal PLLC, on brief), for appellant.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee.

Following a bench trial, the trial court convicted Jade Tatiana Baine of assault and battery on a law enforcement officer. On appeal, appellant contends the trial court erred in denying her motion to dismiss the indictment. She argues that a 2020 dismissal of a previous indictment of the same charge required the trial court to dismiss the current indictment. Appellant more specifically asserts that the trial court erred in determining that the previous dismissal was without prejudice and thus abused its discretion in allowing her to be tried again on the same charge. After a review of the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the decision of the trial court.

---

* Justice Russell participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## BACKGROUND

In January 2021, a grand jury indicted appellant on one count of assault and battery on a law enforcement officer. Appellant filed a motion *in limine* to dismiss the indictment based on double jeopardy grounds. According to appellant's motion, the grand jury previously had indicted her on the underlying charge, and she proceeded to trial on that charge in November 2020. The Commonwealth's witness did not appear for the 2020 trial, and the trial court subsequently dismissed the matter by entering a written order dated November 12, 2020. The 2020 order stated that the trial court, "for the reasons stated to the record hereby dismisses the charge against the accused, without prejudice."[1] The record discloses no challenge to the dismissal order.

Prior to entering a plea, appellant argued the motion to dismiss on double jeopardy grounds, asserting that the trial court's 2020 dismissal "without prejudice" was "erroneous" and "should have been corrected." Appellant argued that the motion to dismiss was made by the trial court *sua sponte*, rather than on a motion from the Commonwealth to *nolle prosequi*, and that the trial court had no discussion of whether the dismissal was with or without prejudice. Appellant asserted that because a dismissal without prejudice was tantamount to a *nolle prosequi*, the trial court was required to make a finding of good cause. Appellant alleged that the trial court had made no such finding and that the trial court's later written order stating that dismissal was without prejudice was incorrect. Concluding that "no jeopardy attached" and that "the order itself was entered without prejudice[,]" the trial court denied appellant's motion to dismiss, and her trial on the 2021 indictment was held on May 5, 2021.

---

[1] A transcript of the 2020 proceedings is not a part of the record. The details regarding the hearing come from appellant's 2021 motion *in limine* to the trial court. Appellant acknowledged the lack of transcript from the November 2020 hearing and asserted that all statements regarding the hearing are based upon her attorney's "independent recollection of the matter." The trial court's November 12, 2020 dismissal order is included in the record.

After the trial court denied the motion, appellant pled not guilty, and the Commonwealth presented its evidence. At the close of evidence, appellant moved to strike based on her previous arguments. The trial court denied the motion to strike and convicted appellant of assault and battery on a law enforcement officer. Appellant timely noted her appeal.

## ANALYSIS

Appellant assigns error to the trial court's denial of her motion to dismiss. She contends that the trial court abused its discretion by allowing her "to be tried a second time for a crime that had previously been dismissed, *sua sponte*, without evidence of good cause for either a *nolle prosequi* or dismissal without prejudice." In support of her argument, appellant posits that there is no disagreement between the parties as to the following facts:

> (1) [t]hat the Commonwealth did not make a motion for either a *nolle prosequi* or dismissal (either with or without prejudice), (2) [t]hat the Commonwealth did not offer any evidence that there was good cause for either a *nolle prosequi* or dismissal without prejudice, (3) [t]hat the [c]ourt dismissed the matter on its own motion, and (4) [t]hat there was no discussion by defense counsel, the Commonwealth, or the [c]ourt about the issue of prejudice.[2]

Appellant contends, based on "these attendant circumstances[,]" that "the only proper result [from the prior proceedings] would be a dismissal with prejudice" and the trial court therefore erred in denying her motion to dismiss. In considering appellant's challenge on appeal, we recognize that "the [trial] court's judgment is presumptively correct and the burden is on the appellant to present a sufficient record to permit a determination whether the [trial] court committed an alleged error." *Commonwealth v. Williams*, 262 Va. 661, 669 (2001).

---

[2] The Commonwealth does not dispute appellant's first three points. However, in its written response to appellant's motion *in limine,* the Commonwealth asserted that, in the trial court, counsel for the Commonwealth did not have a recollection of a "specific mention by the [c]ourt as to whether the dismissal was with or without prejudice."

Appellant's argument turns on statements she claims were made at the November 2020 hearing. A transcript of this hearing, however, has not been made part of this record for our consideration. "[A]n appellate court's review of the case is limited to the record on appeal." *Karr v. Va. Dep't. of Env't Quality*, 66 Va. App. 507, 520 (2016) (alteration in original) (quoting *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015)). Moreover, we may not consider counsel's recollection of the November 2020 hearing. *See Jackson v. Commonwealth*, 44 Va. App. 218, 224 (2004) ("An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993))). We do not have before us a record adequate to determine what transpired at appellant's first trial, including any discussion the trial court may have had regarding the dismissal of the indictment. Therefore, we are limited in our review to the material contained in the record on appeal which, relevant to appellant's assignment of error, is the trial court's written order of dismissal.

The trial court's written order explicitly states that the dismissal of the original indictment was "without prejudice." "It is well established in this Commonwealth that a circuit court speaks only through its written orders." *Roe v. Commonwealth*, 271 Va. 453, 457 (2006). We presume that those orders "accurately reflect what transpired." *Marttila v. City of Lynchburg*, 33 Va. App. 592, 598 (2000) (quoting *McBride v. Commonwealth*, 24 Va. App. 30, 35 (1997)). Additionally, "[t]rial courts have the authority to interpret their own orders." *Davis v. Commonwealth*, 70 Va. App. 722, 732 (2019) (quoting *Fredericksburg Const. Co. v. J.W. Wyne Excavating, Inc.*, 260 Va. 137, 144 (2000)). This Court "defer[s] to the trial court's interpretation of its own order," but that interpretation must be reasonable, and an abuse of discretion standard applies. *Id.* (quoting *Leitao v. Commonwealth*, 39 Va. App. 435, 438 (2002)).

As we are guided by the trial court's written dismissal order, and as there is no evidence contained in the record to contradict this conclusion, we read it to accurately reflect the trial court's intent and actions. Accordingly, we must conclude that the 2020 dismissal order constituted a dismissal without prejudice. Therefore, we hold that the trial court's interpretation of the initial dismissal order in the present action is reasonable and find no abuse of discretion.

## CONCLUSION

For the foregoing reasons, we affirm appellant's conviction.

*Affirmed.*