COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia

RANDOLPH S. THOMAS

MEMORANDUM OPINION[*] BY
v.      Record No. 0536-07-1          JUDGE D. ARTHUR KELSEY
                                                          JANUARY 15, 2008
KATHY P. THOMAS

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Douglas J. Walter (McDermott, Roe & Walter, on
briefs), for appellant.

E. Thomas Cox for appellee.


Appealing a final divorce decree, Randolph S. Thomas contends the trial court

erroneously decided issues involving equitable distribution, spousal support, as well as attorney

fees and costs. His former wife, Kathy P. Thomas, defends the trial court's rulings as

discretionary decisions based upon reasonably debatable factual disputes. We agree with wife

and affirm the final decree.


I.

On appeal, "we view the evidence in the light most favorable to the prevailing party,

granting it the benefit of any reasonable inferences." Smith v. Smith, 43 Va. App. 279, 282, 597

S.E.2d 250, 252 (2004) (quoting Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833,

835 (2003)). "That principle requires us to discard the evidence of the appellant which conflicts,

either directly or inferentially, with the evidence presented by the appellee at trial." Owens v.

Owens, 41 Va. App. 844, 848-49, 589 S.E.2d 488, 491 (2003) (citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Wife filed for a divorce and moved to set aside as unconscionable a property settlement agreement that purported to bar her from making claims for spousal support and equitable distribution of the value of husband's electrical business. The trial court declared the agreement unenforceable and referred the parties to a commissioner in chancery for the presentation of evidence on the contested issues. Among the contested issues, these remain in dispute on appeal:

- husband's claim for post-separation expenses associated with the marital home ($1,935), loans to his wife ($1,100), and the cost of purchasing and painting a vehicle for his wife ($6,750);

- wife's claim for repayment of health insurance premiums incurred post-separation to keep husband covered under her policy;

- wife's claim for spousal support; and

- both parties' competing claims for attorney fees.

(i) *Husband's Claim For Post-Separation Expenses And Loans*. Husband testified he incurred out-of-pocket expenses for post-separation repairs to the marital home to ready it for sale. Husband withheld $1,935 from the proceeds of the sale as wife's half share of these claimed expenses. Husband, however, presented no invoices or other documentary evidence of any of these expenses. Nor did he offer lay or expert testimony to demonstrate that the repairs enhanced the value of the home to any measurable degree. Wife testified that she did not agree that any of the alleged repairs be made to the home and denied any responsibility for husband's claimed expenses.

Husband also claimed he gave wife a $1,000 loan which she agreed to pay back from the proceeds of the home sale. Wife denied this allegation, contending that husband gave her the money to purchase Christmas gifts for their children. Husband similarly alleged he loaned wife $100 which she again promised to pay back from the home sale proceeds. She rejected this

allegation as well, saying that he gave nothing to her but instead purchased a $100 gift for someone else.

Husband also claimed that he spent $8,000 to purchase a vehicle for wife and an additional $750 to have it painted. He said wife gave him in return another vehicle, with an estimated value of $2,000, and that reduced her debt to him to $6,750. Wife disputed husband's claim and said they agreed to a vehicle-for-vehicle trade. She owed him nothing more, she testified.

Without elaboration, the commissioner recommended that, based upon the "totality of the circumstances," the trial court award husband $8,685 in "allowable" reimbursements from the proceeds of the sale of the marital home. The trial court rejected this recommendation, stating that there was "no satisfactory explanation in the record of a 'totality of circumstances' to justify an offset and none is supported by the facts in evidence." Upon its review of the evidence, the trial court ruled husband was not entitled to any of the claimed post-separation expenses or loans.

(ii) *Wife's Claim For Health Insurance Premiums*. Wife testified that she paid for husband's post-separation health insurance coverage from May 1999 to April 2004. From May 1999 to June 2003, the monthly premium for husband's coverage was $200. From July 2003 to April 2004, the monthly premium for his coverage was $90. She claimed husband asked her to pay for his coverage because he could not obtain insurance on his own. He consistently promised to repay her, wife claimed, and she would have never agreed to obtain coverage for him without being reimbursed by him.

Husband testified that he asked wife to remove him from the insurance policy in June or July 1999. He claimed he did not know that wife nonetheless kept him on the policy after that time. In 2003, however, husband paid $840 to wife for payment of husband's premiums for the

upcoming twelve months. Wife "insisted" that he pay her that amount, husband recalled, to keep him on the policy.

On this issue, the commissioner recommended that the trial court deny wife's claim for reimbursement of the premium cost of providing medical insurance for husband. The trial court rejected this recommendation, however, because there were "no facts in the record to deny reimbursement of [husband's] monthly health insurance premiums paid post separation." The court calculated the amount owed by husband to be $4,612 and entered an award in that amount.

(iii) *Wife's Claim For Spousal Support*. The marriage lasted thirty-five years. Both husband and wife had a high school education. Wife worked at various jobs until she became temporarily disabled in 2004. Husband worked as a self-employed electrician. From 1998 to 2002, husband's annual income varied between $22,000 and $57,000. Wife was diagnosed in 2005 with a long-term disability caused by chronic depression and was receiving at the time of trial a monthly disability payment of $2,060.

Both husband and wife offered extensive evidence on their monthly income and expenses. Husband claimed to run a monthly cash-flow deficit. Construing the evidence most favorably to wife, the commissioner recommended that the trial court award wife permanent spousal support of $1,250 per month. After reviewing additional evidence from the parties, the trial court accepted the commissioner's recommendation of a spousal support award but reduced the amount to $1,000 per month.

(iv) *Competing Claims for Attorney Fees and Costs*. Both husband and wife requested an award for attorney fees and costs. The commissioner recommended that neither party receive an award. The trial court disagreed and awarded wife her fees and costs.

II.

Husband appeals the trial court's ruling on each of these issues. Under the circumstances of this case, husband argues, the trial court had no choice but to accept the commissioner's recommendations. We disagree.

By referring a case to a commissioner, a trial court "does not delegate its judicial functions to the commissioner, and it is not bound by the commissioner's recommendations." Robbins v. Robbins, 48 Va. App. 466, 474-75, 632 S.E.2d 615, 619 (2006) (quoting Morrill v. Morrill, 45 Va. App. 709, 714-15, 613 S.E.2d 821, 823 (2005) (*en banc*) (citations omitted)). "Rather, the court must review the evidence, apply the correct principles of law, and make its own conclusions as to the appropriate relief required." Id. This is particularly true where, as here, the commissioner fails to "expressly state in his or her report what he or she saw and heard concerning witness' demeanor and appearance if the decision is based, in whole or in part, upon witness demeanor and appearance." Kelker v. Schmidt, 34 Va. App. 129, 140, 538 S.E.2d 342, 348 (2000). "If the commissioner's report is based upon substance only, the trial judge is as competent as the commissioner to decide the facts." Id.

On the first contested issue, husband's claim for various post-separation expenses, the commissioner's recommendation did not "expressly state" how he relied upon any witness's testimonial demeanor or appearance. Id. The commissioner only spoke vaguely of a "totality of circumstances" supporting his recommendation for an award to husband of $8,685. That figure, moreover, does not correspond to any of the amounts claimed by husband or any sum ostensibly approved by the commissioner. The husband's claim for reimbursements, which the commissioner recommended in full, totaled $9,785. Whether this is a math error on the commissioner's part or implicit disallowance of some aspect of the husband's claims, we do not know. Neither of the parties on appeal explains this discrepancy. It necessarily follows that we

cannot fault the trial court for rejecting the commissioner's recommendation for an award of $8,685 and for deciding instead the husband's claims based solely on the "substance" of the evidence. See id.

On this issue, then, the only question before us is whether the trial court's resolution of the factual disputes can be set aside as "plainly wrong or without evidence to support it." Congdon, 40 Va. App. at 261, 578 S.E.2d at 836 (citation omitted). "We have often recognized that the trial court's job is a difficult one, and we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Robbins, 48 Va. App. at 481-82, 632 S.E.2d at 623 (citations and quotation marks omitted). "When dealing with discretionary decisions, only 'when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Id. at 482, 632 S.E.2d at 623.

The trial court's rejection of husband's claims cannot be characterized as irrational or factually insupportable. Husband's claim for home repairs rested solely on his own testimony. He presented no invoices or other proof of his expenses. He also provided no basis for determining whether any of the repairs enhanced the value of the marital home prior to the sale, thus leaving the trial court unable to discern whether the alleged repairs were economically reasonable. Nor can we set aside the trial court's rejection of husband's claim for $1,100 in loans and $6,750 for the purchase and painting of a vehicle for wife. Wife's testimony provided a rational basis for finding husband had no entitlement to either sum. Unless we were to make our own factual findings on such disputes, which we have neither the power nor the inclination to do, we must be content with those of the trial court.

The same can be said of the trial court's resolution of wife's claim for repayment of health insurance premiums securing husband's coverage under her policy. Wife's testimony, if believed, established that husband asked that she keep him covered and promised to later repay

her for the premium costs. Husband's payment of $840 corroborated her testimony on this point and undermined his assertion that he asked to be dropped from the policy as early as 1999.[1]

With respect to husband's challenge of the trial court's spousal support award, we have often explained that "[w]hether and how much spousal support will be awarded is a matter of discretion for the trial court." Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (citation omitted). The trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005) (citation omitted). "On appeal, a trial court's decision on this subject will not be reversed 'unless there has been a clear abuse of discretion.'" Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (citation omitted).

Given the evidence in this case, we cannot find the trial court's support award to be an abuse of discretion. The trial court reduced the amount recommended by the commissioner from $1,250 to $1,000 per month. The trial court received extensive evidence of the parties' respective income and expenses, heard testimony about the scope and duration of wife's disability, and considered both husband's ability to pay and wife's genuine needs. The spousal support award rests on an adequate evidentiary foundation.

Similar considerations guide our review of trial court findings approving and rejecting claims for attorney fees. Whether to award attorney fees "is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion." Smith, 43 Va. App. at 290, 597 S.E.2d at 256 (quoting Kane v. Szymczak, 41 Va. App. 365, 375, 585

---

[1] Husband's brief on appeal claims that wife presented no verification of the premiums she allegedly paid on husband's behalf. In its letter ruling, however, the trial court stated that further evidence could be taken on whether and how much wife paid for husband's coverage. The record reflects that husband's counsel later accepted wife's itemization of costs she incurred in keeping him on the policy.

S.E.2d 349, 354 (2003)). "Given the unique equities of each case, our appellate review steers clear of inflexible rules and focuses instead on 'reasonableness under all the circumstances.'" Id. (citation omitted).

In this case, the trial court's award of attorney fees and costs to wife did not constitute an abuse of discretion. Wife had been successful throughout the litigation on nearly every contested point. She succeeded in challenging the property settlement agreement as unconscionable, obtaining an award of spousal support, and contesting the commissioner's recommendations as factually flawed. Having demonstrated the merit of her positions and the demerits of her husband's, wife understandably sought the transactional costs associated with that exercise in litigation. We find nothing unreasonable about the trial court's award of attorney fees and costs.[2]

### III.

Because the trial court made discretionary decisions based upon reasonably debatable factual disputes, we affirm the final divorce decree.

<u>Affirmed.</u>

---

[2] Both husband and wife request attorney fees on appeal. We decline to award appellate fees to either party. See generally Petry v. Petry, 41 Va. App. 782, 796 n.7, 589 S.E.2d 458, 465 n.7 (2003); O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).