COURT OF APPEALS OF VIRGINIA


Present:    Judge Clements, Senior Judges Willis and Annunziata
Argued at Alexandria, Virginia


HUGO ALBERTO SANDOVAL

                                                    MEMORANDUM OPINION[*] BY
v.         Record No. 1165-04-4              JUDGE JEAN HARRISON CLEMENTS
                                                         FEBRUARY 7, 2006
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                              John E. Wetsel, Jr., Judge

              Seth I. Howard, Assistant Appellate Defender (Office of the Public
              Defender, Virginia Indigent Defense Commission, on briefs), for
              appellant.

              Deana A. Malek, Assistant Attorney General (Judith Williams
              Jagdmann, Attorney General, on brief), for appellee.


        Hugo Alberto Sandoval was convicted in a jury trial of two counts of aggravated sexual

battery, in violation of Code § 18.2-67.3, and one count of carnal knowledge, in violation of

Code § 18.2-63.  On appeal, Sandoval contends the trial court erred in permitting the

Commonwealth to proceed on the amended charge of carnal knowledge after the court had

previously granted his motion to strike on the original charge of animate object sexual

penetration.[1]  Finding no error, we affirm the trial court's judgment.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Although a judge of this Court also granted Sandoval's petition for appeal on the issue
"[w]hether the trial court erred in allowing the Commonwealth to proceed on the amended
charge of carnal knowledge as a lesser-included offense of animate object sexual penetration,"
Sandoval expressly opted not to brief this issue on appeal.  He further acknowledged at oral
argument that he waived consideration of the issue on appeal.  Accordingly, we will not address
the issue further.  See Rule 5A:20(e); Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d
237, 239 (1992) (holding that claims of error "unsupported by argument, authority, or citations to
the record do not merit appellate consideration").

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

On June 10, 2003, indictments were returned against Sandoval charging that, on or about December 6, 2002, Sandoval committed aggravated sexual battery against S.M., a thirteen-year-old girl, in violation of Code § 18.2-67.3 (Case 491), and animate object sexual penetration against S.M., in violation of Code § 18.2-67.2(A)(2) (Case 492). Sandoval was also charged with committing aggravated sexual battery against S.M. on or about February 9, 2003 (Case 490), and with committing aggravated sexual battery against S.M.'s ten-year-old sister, L.M., on or about the same date (Case 493). A jury trial on the four charges commenced on October 16, 2003.

At trial, S.M. testified on behalf of the Commonwealth regarding two sexual encounters she had with Sandoval in her bedroom in December 2002 and February 2003, respectively, and a sexual encounter she witnessed between L.M. and Sandoval in February 2003. With respect to the December incident, S.M. testified Sandoval came into her bedroom around 1:00 a.m.

At the end of the Commonwealth's case, Sandoval moved "to strike the Commonwealth's evidence as insufficient to convict" Sandoval of aggravated sexual battery against S.M. because the Commonwealth failed to adduce evidence of force, threat, intimidation, or physical helplessness, as required under Code § 18.2-67.3(A)(3). After the trial court found the Commonwealth's evidence insufficient as a matter of law to support a finding that S.M. was physically helpless at the time of the alleged incidents of aggravated sexual battery, the prosecutor conceded the point and instead argued that the evidence was sufficient to support a finding of force. After hearing extensive argument on the element of force, the trial court ruled that it was "striking the aggravated battery as

- 2 -

to the December incident and denying it as to the February incident." The court explained that, although there was sufficient evidence of force with respect to the February incident involving S.M., there was "no showing of force as to the December incident." Thus, the court further explained, "the motion to strike was granted in part and denied in part." The defense did not request dismissal of any of the indictments. The Commonwealth made no motion at the time to proceed on an amended indictment.

The defense immediately proceeded to put on some of its evidence, including the testimony of S.M.'s mother regarding the sleeping arrangements at her house when Sandoval spent the night in early December 2002. On direct examination, S.M.'s mother stated that Sandoval, who had never been in the house before that night, slept on the living room floor approximately two feet from where she was sleeping. She further stated that Sandoval would have had to pass by her and through the room where her husband and L.M. were sleeping to get to S.M.'s bedroom. Asked if she was aware of whether Sandoval was awake during the night, she testified that, when she was awake, "[h]e was mostly asleep."

After excusing the jury for the night, the trial court sought to review the parties' proposed jury instructions, and the following discussion regarding the trial court's ruling on Sandoval's motion to strike ensued:

> [DEFENSE COUNSEL]: The Court previously ruled on the motion to strike that there was no force or intimidation with respect to the December [6]th incident.
>
> THE COURT: Correct. It is only the February 9th.
>
> [DEFENSE COUNSEL]: The problem with that, Your Honor, is that . . .
>
> [PROSECUTOR]: Aggravated sexual battery and object sexual penetration, both charges for December 6th.
>
> [DEFENSE COUNSEL]: Yes.

THE COURT:  Wait a minute.  I understand that December the 6th was aggravated sexual battery and lobular penetration of [S.M.]

[DEFENSE COUNSEL]:  Correct.

THE COURT:  I struck the aggravated, so there is only sexual battery and penetration as to that date.

[PROSECUTOR]:  Your Honor, you cannot have object sexual penetration without force, threat or intimidation.

[DEFENSE COUNSEL]:  So, if you struck it to one, I think you have to strike it with respect to both. . . .

[PROSECUTOR]:  And you did not give me a chance to respond that . . . at the point when he did insert his finger in her vagina that she was struggling and trying to get away from him. . . .

THE COURT:  Well, I think the force is still the same.  It was only the force in that incident necessary to accomplish the act.  But, I thought sexual penetration of a minor was aggravated sexual battery.  Is it just battery?

[PROSECUTOR]:  Okay.  Well . . .

THE COURT:  It would be object penetration?

\*     \*     \*     \*     \*     \*     \*

[PROSECUTOR]:  . . .  [L]ike I said, Your Honor, you did not give me a chance to respond to the object sexual penetration.  First, Your Honor, I believe our evidence was . . .

THE COURT:  . . .  [T]he force has to be that beyond the force necessary to commit the basic act of either digital penetration or sexual battery, the fondling.  It contemplates the use of force, that is to subdue the victim, to hold her there and that sort of thing.  And, there was none of that on December the 6th evidence.

[PROSECUTOR]:  So, is Your Honor suggesting that she needs to fight rather than . . .

THE COURT:  No, I am not suggesting that.  But, I am telling you there is no evidence in this case of force, threat or intimidation.  And, I have ruled, Mr. [Prosecutor].  It is gone.

[PROSECUTOR]:  Thank you, Your Honor, I . . .

THE COURT: The only aggravated battery charge[s are] on February 9th, 2003, of [S.M.] by force and because [L.M.] is under age thirteen. . . .

The trial court and counsel then attempted to determine what lesser-included charges applied. The Commonwealth suggested Sandoval's conduct "could be assault and battery." The trial court urged counsel to find in the Code a lesser-included felony offense involving the sexual penetration of a minor under the age of fifteen without force. However, neither the court nor counsel was able to find or articulate such an offense before the proceedings were concluded for the night.

The trial court entered a trial order describing the day's proceedings, in pertinent part, as follows:

> Out of the hearing of the jury, the Attorney for the defendant did move to strike the evidence of the Commonwealth on the grounds that the Commonwealth had failed to prove the element of force, threat or intimidation with regard to both charges of December 6, 2002 in Cases . . . 491 [and] 492, and to the charge of February 9, 2003 in Case[] . . . 490, and counsel did argue the motion. The Court, after careful consideration of argument of counsel did sustain the motion as to the Aggravated Sexual Battery in Case . . . 491, and in the Object Sexual Penetration in Case . . . 492, and did note the objection of the Attorney for the Commonwealth, but did deny the motion to strike with respect to the charge contained in Case . . . 490.

Upon recommencement of the proceedings the next morning, the trial court and counsel renewed their discussion of the lesser-included charges remaining against Sandoval with respect to the December 6, 2002 incident, as follows:

> [PROSECUTOR]: Well, it is carnal knowledge.
>
> THE COURT: Right.
>
> [PROSECUTOR]: Carnal knowledge includes object sexual penetration without force.
>
> THE COURT: All right. That is what I thought. But, I could not find it last night.

- 5 -

[PROSECUTOR]: And, that was bothering me and I could not remember what it was last night.

\*     \*     \*     \*     \*     \*     \*

THE COURT: All right. That is the reason we do not keep people to make important decisions late at night. . . .

\*     \*     \*     \*     \*     \*     \*

THE COURT: . . . And what statute is that? We can be looking at that.

[PROSECUTOR]: 18.2-63, Your Honor.

THE COURT: All right. There it is. Right. Exactly. That is what I thought. We just could not find it last night. All right. That is why I was shocked.

[DEFENSE COUNSEL]: Your Honor, you are ruling that that is a lesser included of object sexual penetration?

THE COURT: Yeah. Exactly. Right.

\*     \*     \*     \*     \*     \*     \*

THE COURT: . . . I thought yesterday that the touching in a sexual manner of a minor was a felony, but you all had that business about assault and battery and I just could not find it given the late hour. But, I see now 18.2-63 . . . . Carnal knowledge of a child between the ages of thirteen and fifteen years of age.

Sandoval objected to the trial court's "ruling on the issue of carnal knowledge." The court deferred ruling on the objection until after the evidence was concluded. The defense then proceeded to put on the rest of its evidence.

At the close of all the evidence, the defense renewed its objection to the trial court's decision to allow the Commonwealth to proceed on the charge of carnal knowledge with respect to the December 6, 2002 incident, arguing that carnal knowledge was "not an appropriate lesser offense of the crime of animate object penetration." In response, the prosecutor argued that the indictment charging Sandoval with animate object sexual penetration could properly be amended

- 6 -

"any time prior to the jury going out to deliberate" to carnal knowledge to reflect the evidence presented. The following exchange between defense counsel and the trial court then occurred:

> [DEFENSE COUNSEL]: Your Honor, the [purpose] of the statute permitting amendment is to correct a fatally defective indictment. And, in this case, the Court struck both charges from December 6th as the Commonwealth being unable to prove those charges and establish a *prima facie* case.
>
> THE COURT: Only as to force. Only as to force.
>
> [DEFENSE COUNSEL]: As to force . . . because that was not shown.
>
> THE COURT: Because remember I said last night I did not think that force was necessary to show . . . all you had to show was sexual abuse of a minor, which is carnal knowledge, between the ages of thirteen and fifteen. But, we did not find it last night. They found it overnight.
>
> [DEFENSE COUNSEL]: So, now, what they want you to do is after you have struck those two indictments is resurrect them, allow them to amend it . . .
>
> THE COURT: No, I did not strike any indictment. All I struck was any proceeding . . . that required a proof of force except as to the February 9th aggravated sexual battery of [S.M.]. I struck the force as to all other . . . .

The trial court then permitted the Commonwealth to amend the animate object sexual penetration charge "to carnal knowledge of a minor between the ages of thirteen and fifteen to conform with the evidence." However, the trial court denied the prosecutor's motion to amend the aggravated sexual battery charge stemming from the December 6, 2002 incident to assault and battery, and dismissed that charge.

Instructions on the remaining charges were then finalized and given to the jury. After deliberating, the jury found Sandoval guilty of committing two counts of aggravated sexual battery on February 9, 2003, and one count of carnal knowledge on December 6, 2002. The jury recommended that Sandoval be sentenced to five years' incarceration and a $5,000 fine on each

of the aggravated sexual battery convictions and to ten years' incarceration and a $10,000 fine on the carnal knowledge conviction.

At the sentencing hearing on April 13, 2004, Sandoval reiterated his claim that the trial court had improperly permitted the Commonwealth to amend the animate object sexual penetration charge to carnal knowledge because the court "had previously struck" the animate object sexual penetration charge. Explaining that it had granted Sandoval's motion to strike only "with respect to the use of force," the trial court rejected Sandoval's claim and sentenced him in accordance with the jury's recommendation. The court suspended the execution of the ten-year sentence on the carnal knowledge charge and all the fines. The court entered the sentencing order on April 15, 2004.

On April 23, 2004, Sandoval filed a motion to set aside the verdict. However, no order vacating or suspending the sentencing order was requested or entered. Sandoval filed a memorandum in support of his motion to set aside the verdict on May 28, 2004, and the matter came before the court on July 13, 2004. On July 14, 2004, the trial court informed the parties that, in light of the fact that no order vacating or suspending the sentencing order had been entered, the court no longer had "jurisdiction to hear the Motion to Set Aside, because more than 21 days had elapsed since the entry of the April 15, 200[4] order."

This appeal followed.

## II. ANALYSIS

Sandoval challenges only his carnal knowledge conviction on appeal. He asserts that, in granting his motion to strike on the ground that the Commonwealth's evidence was insufficient to prove the charge of animate object sexual penetration, the trial court effectively acquitted him of that charge and dismissed the indictment. Indeed, he argues, given that the trial court specifically stated the charge was "gone" and that "the court's own trial order clearly states that the court

struck the Commonwealth's evidence" with respect to the charge, his acquittal on that charge "was complete and final." Thus, he reasons, the original charge "no longer exist[ed]" and the trial court, "[a]s a practical matter," could not subsequently reinstate it and permit its amendment to carnal knowledge. Hence, Sandoval concludes, the trial court erred in allowing the Commonwealth to proceed against him on the carnal knowledge charge.[2]

The Commonwealth concedes that it could not properly proceed on the amended charge of carnal knowledge in this case if the trial court's granting of Sandoval's motion to strike constituted a

---

[2] Sandoval also argues, on appeal, that the trial court erred in allowing the Commonwealth to proceed on the charge of carnal knowledge because the constitutional defense of double jeopardy barred his prosecution for carnal knowledge after the trial court acquitted him of animate object sexual penetration. However, as the Commonwealth points out, Sandoval never timely raised this specific argument before the trial court. Sandoval argued in his May 28, 2004 memorandum in support of his motion to set aside the verdict that the trial court's granting his motion to strike the evidence was "an acquittal under the Double Jeopardy Clause." However, because that memorandum was filed more than twenty-one days after entry of the sentencing order, the trial court no longer had jurisdiction over the case and could not consider Sandoval's argument. See Rule 1:1.

> Rule 5A:18 requires an "objection [be] stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. A general argument or an abstract reference to the law is not sufficient to preserve an issue. Making one specific argument on an issue does not preserve a separate legal point on the same issue for review.

Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc); see also West Alexandria Prop., Inc. v. First Virginia Mortgage and Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."); Floyd v. Commonwealth, 219 Va. 575, 584, 249 S.E.2d 171, 176 (1978) (holding that appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue). "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). Hence, we conclude the issue was not properly preserved. Moreover, we discern no reason to invoke an exception to Rule 5A:18. See Edwards, 41 Va. App. at 761, 589 S.E.2d at 448 ("We will not consider, sua sponte, a 'miscarriage of justice' argument under Rule 5A:18."). Consequently, we will not address the merits of this argument.

full acquittal on the charge of animate object sexual penetration or a dismissal of the indictment on that charge. The Commonwealth argues, however, that the record demonstrates the trial court neither fully acquitted Sandoval of the charge nor dismissed the indictment. Rather, the Commonwealth asserts, the court merely struck the element of force, threat, intimidation, or physical helplessness. Thus, the Commonwealth concludes, the trial court's ruling on the motion to strike did not preclude the Commonwealth from proceeding on the amended charge of carnal knowledge. We agree with the Commonwealth.

In examining the record to determine the nature and extent of a trial court's action, we generally start with the court's orders. See McBride v. Commonwealth, 24 Va. App 30, 35, 480 S.E.2d 126, 128 (1997) ("A court speaks through its orders and those orders are presumed to accurately reflect what transpired."). Here, the trial court's interlocutory order describing the proceedings of the first day of Sandoval's trial states that Sandoval moved "to strike the evidence of the Commonwealth on the grounds that the Commonwealth had failed to prove the element of force, threat or intimidation with regard to [the aggravated sexual battery and animate object sexual penetration] charges of December 6, 2002." The order further states that the trial court "sustain[ed] the motion" with regard to both charges. The order, however, does not expressly state or otherwise indicate whether Sandoval was fully acquitted of the charges or whether the indictments were dismissed.

Implicitly interpreting the interlocutory order, the trial court made it clear that, in granting Sandoval's motion to strike on the animate object sexual penetration charge, it did not fully acquit Sandoval or dismiss the indictment on that charge. Indeed, in rejecting Sandoval's claim that the court's granting of the motion to strike precluded the Commonwealth from proceeding on the charge of carnal knowledge, the court consistently stated that it granted the motion to strike only as to the element of force, threat, intimidation, or physical helplessness.

"[T]rial courts have the authority to interpret their own orders." Fredericksburg Constr. Co. v. J.W. Wyne Excavating, Inc., 260 Va. 137, 144, 530 S.E.2d 148, 152 (2000). "'Furthermore, when construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court.'" Id. (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999) (en banc)); see also Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002) ("We defer to a trial court's interpretation of its own order."). The lower court's discretion to interpret its own order is not unlimited, however. It "must be exercised reasonably and not arbitrarily or capriciously." Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 412 (2002). Thus, a trial court's interpretation of its own order will be deferred to on appeal absent an abuse of discretion. See id.

Here, the trial court's interpretation of its interlocutory order—that, in granting Sandoval's motion to strike on the animate object sexual penetration charge, it struck only the element of force, threat, intimidation, or physical helplessness and did not fully acquit Sandoval or dismiss the indictment—is supported by the record.

When Sandoval made his motion to strike at the close of the Commonwealth's evidence, the discussion on that motion focused solely on the aggravated sexual battery charges from December 6, 2002, and February 9, 2003. Additionally, the discussion was limited to Sandoval's claim that the Commonwealth's evidence failed to prove the element of force, threat, intimidation, or physical helplessness. At the conclusion of that discussion, the trial court ruled from the bench that it was "striking the aggravated battery as to the December incident and denying it as to the February incident." The court explained that, although there was sufficient evidence of force with respect to the February incident involving S.M., there was "no showing of force as to the December incident." Thus, the court's granting of the motion to strike was expressly limited, at that point in the proceedings, to the December aggravated sexual battery charge. Neither party, at the time, sought

clarification of the court's ruling or an explanation of the impact of the court's ruling on the animate object sexual penetration charge. In addition, neither party sought amendment or dismissal of any of the indictments.

It is clear from the record that Sandoval did not believe the court's granting of the motion to strike operated as an acquittal on both of the charges stemming from the December incident in S.M.'s bedroom. Immediately after the court granted the motion to strike, Sandoval put on evidence in his defense to show that the sleeping arrangements when he spent the night at S.M.'s house in December would not have allowed him to move undetected through the house to S.M.'s bedroom in the middle of the night. Plainly, such evidence was unnecessary if Sandoval believed he had been fully acquitted of both of the charges arising from the December incident.

Furthermore, the trial court's statements and actions following its granting of the motion to strike demonstrated that it did not fully acquit Sandoval of both of the charges stemming from Sandoval's December 6, 2002 conduct. After the jury was excused for the night, the parties and the court discussed the meaning and effect of the court's ruling on Sandoval's motion to strike. The trial court agreed with defense counsel that, in granting the motion to strike, it had found that there was no evidence of force, threat, intimidation, or physical helplessness as to the December 6th incident. The court explained, however, that, while it had "struck the aggravated" portion of the aggravated sexual battery charge, there was still "sexual battery and penetration as to that date." When the prosecutor stated that the offense of animate object sexual penetration required proof of the element of force, threat, intimidation, or physical helplessness, the trial court inquired whether the sexual penetration of a minor without force would be "object penetration" alone or "just battery." The court subsequently asked counsel to find a lesser-included felony offense that involved the sexual penetration of a minor under the age of fifteen without force. No such offense was found before the proceedings were concluded for the night. Nevertheless, it is clear

from the record that the trial court continued to believe at the end of the first day of Sandoval's trial that some lesser-included felony criminal offense relating to Sandoval's animate object sexual penetration of S.M. on December 6, 2002, remained to be adjudicated.

Sandoval nevertheless argues that the trial court unambiguously acquitted him and dismissed the indictment on the animate object sexual penetration charge when, during its colloquy with the prosecutor, the court stated, "I am telling you there is no evidence in this case of force, threat or intimidation. And, I have ruled, Mr. [Prosecutor]. It is gone." The record, however, does not support Sandoval's interpretation of the court's statements. Indeed, the context of the court's statements shows that the subject of the court's declaration, "It is gone," was not the indictment for animate object sexual penetration, but the element of force, threat, intimidation, or physical helplessness. Wanting to preclude further reiteration of the prosecutor's argument that the Commonwealth's evidence was sufficient to prove the element of force with regard to the December 6th incident, the court simply repeated its ruling that there was no such evidence and informed the prosecutor that the element was "gone."

The trial court's belief that there remained for adjudication an applicable lesser-included offense was substantiated early during the next day's proceedings when the prosecutor advised the court that the felony offense of carnal knowledge included animate object sexual penetration of a minor between the ages of thirteen and fifteen without force. The court agreed, noting that carnal knowledge was the offense it had in mind the night before. Over Sandoval's objection, the court then permitted the Commonwealth to proceed on the charge of carnal knowledge as a lesser-included offense of animate object sexual penetration.

The court further clarified its ruling on the motion to strike when, at the conclusion of all the evidence, the defense renewed its objection to the trial court's decision to allow the Commonwealth to proceed on the charge of carnal knowledge. Defense counsel argued that "the

- 13 -

[c]ourt struck both charges from December 6th as the Commonwealth [was] unable to prove those charges and establish a *prima facie* case." The court corrected defense counsel, stating that it had granted the motion to strike "[o]nly as to force." Carnal knowledge, the court pointed out, does not require a showing of force. Defense counsel then argued that the court had "struck" the animate object sexual penetration indictment and the Commonwealth was attempting to "resurrect" and amend it. Again, the court corrected counsel, stating, "No, I did not strike any indictment. All I struck was any proceeding . . . that required a proof of force . . . ." The court then permitted the Commonwealth to amend the animate sexual penetration charge to carnal knowledge.

The trial court again clarified its ruling on Sandoval's motion to strike, at the sentencing hearing. In response to defense counsel's claim that the court "had previously struck" the animate object sexual penetration charge, the court explained that it had granted Sandoval's motion to strike only "with respect to the use of force."

Thus, while the trial court's interlocutory order makes it clear that the court granted Sandoval's motion to strike with respect to the animate object sexual penetration charge, it is also clear from the rest of the record that the court never fully acquitted Sandoval of that charge or dismissed the indictment. Because the trial court's interpretation of its own interlocutory order is not inconsistent with the order itself and is supported by the record, we conclude it is reasonable and, therefore, not an abuse of the trial court's discretion. Accordingly, we will defer to the court's interpretation of its own order on appeal.

Sandoval further asserts that the trial court's granting of his motion to strike served as an acquittal pursuant to Rule 3A:15. We disagree. Rule 3A:15 provides, in pertinent part, that the trial court "shall enter a judgment of acquittal if it strikes the evidence . . . because the evidence is insufficient as a matter of law to sustain a conviction." Here, as we have previously discussed,

- 14 -

the trial court concluded that, although the Commonwealth's evidence was insufficient to prove the element of force, threat, intimidation, or physical helplessness, the evidence was sufficient, as a matter of law, to sustain a conviction for carnal knowledge. Thus, the trial court's granting of the motion to strike did not constitute a judgment of acquittal under Rule 3A:15.

Consequently, we hold that, contrary to Sandoval's premise, the trial court's granting of the motion to strike did not constitute a full acquittal on the animate object sexual penetration charge or a dismissal of the indictment on that charge. Hence, under the circumstances of this case, the trial court's ruling on the motion to strike did not preclude the Commonwealth from proceeding on the amended charge of carnal knowledge.

Accordingly, we reject Sandoval's claim of error and affirm the trial court's judgment.

<u>Affirmed.</u>